EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* SANTOS SOTO, acusado y apelante.

Núm. 7499.—*Sometido:* Junio 5, 1939. *Resuelto:* Diciembre 15, 1939.

*E. Pérez Casalduc*, abogado del apelante; *R. A. Gómez, Fiscal*, y
*Luis Janer, Fiscal Auxiliar*, abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del
tribunal.

El apelante fué acusado de homicidio involuntario, consistente en haber causado la muerte de Rafael Quintana, mientras manejaba como chófer un *truck* "sin guardar. la debida prudencia, cuidado y circunspección, caminando a velocidad excesiva por un camino público, haciendo zigzags, sin tocar *klaxon*, bocina o aparato de aviso de clase alguna." El recurso interpuesto contra la sentencia por la cual se le condenó a diez meses de cárcel, se basa en dos señalamientos de error, consistente el primero en haber permitido que el fiscal preguntara al testigo Ramón Oliveras si Luis Delgado, o sea la persona que guiaba el automóvil en cuyo estribo iba parado el interfecto Quintana, sabía manejar automóviles, y al admitir su contestación sobre el particular; y el segundo, en haber impuesto una pena que el acusado considera excesiva.

Los hechos esenciales establecidos por la evidencia son como sigue: el día de autos, en un carro Ford de cinco pasajeros, viajaban en dirección de Utuado hacia Lares, Amelia Mártir, David Mártir, Rita Crespo, Carmen Mercado y el chófer Luis Delgado, quienes ocupaban los cinco asientos del carro. Dentro del carro, sentado en una ventanilla, iba Serafín Mártir, y fuera del carro, parado en el estribo izquierdo y agarrado de la capota iba el interfecto Rafael Quintana. En dirección contraria, o sea de Lares hacia Utuado, viajaba el *truck* manejado por el acusado. El *truck*

iba vacío. La carretera estaba húmeda. Al encontrarse ambos vehículos en una pendiente y en curva, el *truck* que iba subiendo hizo un zigzag, chocando su parte trasera con el guardalodo delantero izquierdo del Ford, el cual se fué a la cuneta, resultando lesionado Serafín Mártir y gravemente herido Rafael Quintana, quien falleció minutos después.

Los únicos puntos de controversia entre las partes son en cuanto a la velocidad a que respectivamente marchaban uno y otro vehículo en el momento del accidente y en cuanto a si el acusado tocó o dejó de tocar el *klaxon*. La evidencia en cuanto a uno y otro punto es contradictoria. El conflicto que de toda la prueba surgió fué dirimido por el jurado en contra del acusado. La prueba del Pueblo, a la que el jurado dió pleno crédito, es a nuestro juicio suficiente para sostener el veredicto. Y no imputándose al jurado pasión, prejuicio o parcialidad en la apreciación de la evidencia, no estaría justificada la revocación de la sentencia apelada.

■■ El incidente en que se basa el primer señalamiento parece haber sido provocado por la representación del acusado. Al declarar el policía insular Ramón Oliveras, como testigo del Pueblo, la defensa, tratando de probar que el accidente había sido causado por la negligencia del conductor del Ford, preguntó al testigo si él había presentado alguna denuncia contra Luis Delgado, a lo que contestó el policía que le había denunciado por infracción a la Ley de Automóviles consistente en que estaba manejando el Ford sin ser chófer autorizado. Fué entonces que intervino el fiscal, ocurriendo el siguiente incidente:

"P. ¿Conoce a Luis Delgado?—Sí, señor.

"P. ¿Hace tiempo?—Sí, señor.

"P. ¿Sabe si sabe manejar automóviles?

"Abogado Sr. Pérez Casalduc: Me opongo de como va a probar el peritaje de un *chauffeur*.

"Hon. Juez: La Corte ha permitido preguntar lo de la denuncia porque es una cosa que sucedió en el momento de investigar. La

Corte instruye al Jurado que el hecho de que un policía presente contra una persona, contra éste o el que guiaba el carro, una denuncia, eso no debe tomarse en consideración como que el que fué denunciado fué el culpable del accidente, sino como contra el que se presentó la denuncia en el momento. El Jurado tiene que determinar, por lo que se declare aquí, si el acusado fué o no culpable. No tomará en cuenta la denuncia de otras personas.

"Hon. Fiscal: Preguntamos a Su Señoría si es admisible, si puede declarar que el otro *chauffeur* fué denunciado por no tener placa, si podríamos preguntar si, a pesar de no tener placa, sabía guiar automóviles, que es distinto a tener placa. Hay sesenta mil personas que no tienen placa y guían. Tiene que tener en cuenta eso. (Argumentó.)

"Hon. Juez: El Tribunal Supremo ha resuelto que el hecho de no tener placa no es negligencia por sí solo.

"Hon. Fiscal: Es material que se le pregunte si sabía guiar automóviles.

"Hon. Juez: La Corte va a permitir preguntar si él conocía al *chauffeur,* a este Luis Delgado, si lo había visto manejar muchas veces, no un día solo, y qué opinión tiene él sobre su pericia en el manejo de automóviles.

"Abogado señor Pérez Casalduc: Tomamos excepción.

"Hon. Juez: La Corte hace constar que la pregunta la permite porque la defensa preguntó si había sido denunciado alguien y el testigó declaró que el *chauffeur* Luis Delgado había sido denunciado por no tener placa. Conteste. En el caso de que usted no lo haya visto guiar, que haya tenido experiencia, varias veces, no conteste la pregunta. Si tuvo ocasión de verlo varias veces, entonces puede contestar.

"Testigo: Este muchacho, tan pronto yo llegué a Utuado a prestar servicios, lo vi manejando automóvil. En una o dos ocasiones procedí a detenerlo y, además, lo veía guiando de lejos. Y nunca llegó a mi conocimiento...

"Abogado Sr. Pérez Casalduc: Me opongo.

"A preguntas del Hon. Juez, declaró:

"P. Conteste si él sabía manejar carros.—En mi opinión, sí, señor."

No hubo error alguno en la resolución de la corte inferior. El testigo Oliveras, por preguntas que le hizo la propia defensa, quedó cualificado como perito en el manejo de automóviles, con experiencia de 12 años como chófer. Y habiendo

dicho testigo visto a Luis Delgado en varias ocasiones conduciendo carros, estaba en condiciones de poder declarar en cuanto a sus observaciones sobre su competencia y pericia como conductor de automóviles.

Tampoco podemos decir que dentro de las circunstancias del caso la corte inferior errara al imponer al acusado una pena de diez meses, la que consideramos razonable.

*La sentencia recurrida debe ser confirmada.*